GLADYS OKYLE, Individually, and as Administratrix, etc., of JULIUS OKYLE, Deceased, as Stockholder and Creditor of HIGHBRIDGE FAMILY LAUNDRY SERVICE, INC., Suing on Her Own Behalf and on Behalf of All of the Stockholders or Creditors Similarly Situated, Who May Desire to Join in This Action and Contribute to the Expense Thereof, Respondent, *v.* HIGHBRIDGE FAMILY LAUNDRY SERVICE, INC., and Others, Defendants, Impleaded with ABRAHAM MINDICH, Appellant.

First Department, December 18, 1939.

*Abraham Lipton,* for the appellant.

*Louis L. Schwartz,* for the respondent.

GLENNON, J.   This is a representative action which was instituted by the plaintiff as a creditor and stockholder of the Highbridge Family Laundry Service, Inc.   After a trial an interlocutory judgment, from which no appeal was taken, was entered.   A referee was appointed to take and state the account of the appellant, Abraham Mindich, and his codefendant, Joseph Okyle.   Mindich has appealed from the final judgment and also from an order which was entered at Special Term, Bronx county, directing the issuance of a body execution against him.

The corporate defendant was engaged in the wholesale and retail laundry business for a period of over ten years in the county of Bronx.   The plaintiff, Gladys Okyle, was the secretary.   Appellant Mindich was treasurer and the defendant Joseph Okyle was president.   These three persons constituted the board of directors of the company and owned all of its stock.   The plaintiff is the widow of Julius Okyle, deceased, who, prior to his death, was also interested in the business.

In the early days of the company it apparently enjoyed prosperity. However, in the latter part of 1935 it encountered financial difficulties.   A strike was declared by certain of its employees on or about December 13, 1935.   For several weeks thereafter the company's plant was operated by strikebreakers under police protection. Consequently the business fell off and finally it closed its doors.

The main question on this appeal is as to the value of certain stencil plates containing the names and addresses of the customers of the corporation.   The subject-matter is well summed up by the justice presiding at the trial at Special Term as follows: " Abraham Mindich took into and has in his possession 5,000 to 10,000 stencils or stencil plates of the names and addresses of the customers of the corporation, the activities of which ceased, it appears, with a marshal's sale under judgment execution, and other seizures under foreclosures of chattel mortgages.   Mindich will be required to account therefor and for any use thereof during his said possession, either by himself or any person or corporation with his knowledge or consent."

Considerable testimony was given before the referee, who fixed the value of the stencils in the sum of $7,500.   While we are of the opinion that the amount of the award was excessive, still, in so stating, we do not wish in any way to reflect upon the referee, who was handicapped by the lack of testimony upon which a correct estimate of the damage could be fixed.

We do not deem it necessary to refer in detail to the evidence since it would serve no useful purpose. At the time appellant took the stencil plates all that appeared thereon were the names and addresses of the customers of the corporation. Unless the business of the former customers could be obtained in connection with the use of the stencils, their value would be almost negligible.

Naturally there is an appreciable difference in value between the list of customers of a flourishing laundry business and one which is defunct. In this case it was conceded that the company, shortly before it was forced to retire, had twenty drivers in its employ. The stencil plates contained the names and addresses of the people with whom these drivers did business on their respective routes. It is fair to assume that some of the drivers at least would find new employment in the same line and seek to obtain the business which each one had while working for his former employer. Apparently they were under no obligation to the defendant, Highbridge Family Laundry Service, Inc., since it appears that the latter at the time of its failure was unable to pay them for past due wages.

The expert witness, so called, did not possess sufficient knowledge of the value of stencil plates of the type now under consideration to entitle him to any credit. His statement, in substance, that the value of the name of each prospective customer on a route would run from eight dollars to ten dollars in the case of a going business, whereas if a laundry company had failed the price should be fixed at four dollars to five dollars, can be given little if any weight. There is nothing to indicate that this particular witness had any experience whatever with the price that might be obtained or the value of a list of names and addresses of former customers of a corporation which for financial reasons was unable to continue in business.

The record does not show that the appellant actually sold the list of customers to any other company. However, he is connected with a small laundry business which now is conducted in the name of his wife. If the appellant has availed himself of the use of the stencils for the purpose of procuring business for the new concern, he should be compelled to respond in damages in an amount which may be determined from the testimony of witnesses who are familiar with the subject of the inquiry. It may be that a comparison of the present list of customers with the names which appear on the books of the defendant corporation would shed some light upon this matter.

For the reasons assigned we have concluded that the final judgment as entered against the appellant must be reversed. As a

consequence thereof the order in so far as it grants an execution against the person of the appellant should be reversed and declared to be null and void. Since there must be a new hearing as to the appellant, the controversy will be referred to an official referee who will take and state the account and report thereon to Special Term, the costs of this appeal to abide the event.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Judgment and order, in so far as appealed from, unanimously reversed, and motion for execution against the person of the appellant denied, and a new hearing ordered before an official referee to take and state the account as to the defendant-appellant and report thereon to the Special Term, with costs of this appeal to abide the event.

Settle order on notice.